UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17CR130-PPS |
| | ) | |
| KENNETH R. MORRISON, | ) | |
| d/b/a T & K Metals, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is set for trial on Monday, December 10. Defendant Kenneth Morrison is charged with Interstate Transportation of Stolen Property in violation of 18 U.S.C. §2314. The property in question is a metal railroad bridge that the indictment alleges was owned by the City of Hammond, which received it by deed from the railroad, CSX Transportation. Morrison has expressed an intention to defend against the charge by a showing that the bridge was abandoned, and therefore not stolen property. In preparation for trial, Morrison served subpoenas on the Corporation Counsel of the City of Hammond, one for her presence at the trial as a witness, the other for 8 categories of documents. Now before me is the City's Motion to Quash Subpoena and for Protective Order. [DE 58.] Morrison has filed a response to the motion, to which he has appended a motion to continue the trial. This morning I have held a hearing at which counsel for Hammond and both parties appeared.

Because the untimeliness of the requested production is critical to my conclusions, I set out the timeline in some detail. The subpoenas were served on Friday,

November 30 at noon, and demanded the production of the documents by 3:00 p.m. the following Wednesday, December 5. Believing the subpoenas unreasonable and wanting relief from the court, the City of Hammond acted promptly by filing a motion to intervene on Monday, December 3. [DE 55.] I granted the motion to intervene on Tuesday, December 4 and allowed the City to 5:00 p.m. on Wednesday, December 5 to file its motion to quash. [DE 57.] The City had the motion to quash at the ready, and filed it within an hour of my order. [DE 58.] I ordered that any responses to the motion to quash be filed by 5:00 p.m. on Thursday, December 6. [DE 57.] Morrison's response was untimely filed on Friday, December 7, an hour-and-a-half before the hearing I set on the matter.

The documents sought were described as follows:

> 1. Any and all emails and letters, and documents sent to, and/or received from CSX counsel, employees, or agents regarding the Bridge during the period in which you serve as Corporation Counsel for the City of Hammond, IN:
> 2. Any and all emails and letters, and documents sent to, and/or received from CSX counsel, employees, or agents regarding the Bridge which occurred prior to your service as Hammond Corporation Counsel, which are retained by the Hammond Law Department and time periods prior to your service as Hammond Corporation Counsel;
> 3. Any and all emails, letters, and documents which reflect the Hammond Law Department serving as Legal Advisor to any Departments of the City of Hammond regarding the use, sale, repair, improvement, restoration, removal of the Bridge, or any other type of action which would affect the use of the Bridge;
> 4. Any and all records of claims made, law suits filed, and other records of complaints made against the City of Hammond concerning persons suffering personal injury arising from the person's presence on the Bridge, and other civil torts allegedly suffered by persons related to the Bridge;

2

> 5. Any and all emails and letters, and documents sent to, and/or received from the Hammond Historic Preservation Commission concerning the Bridge;
> 6. Any and all emails and letters, and documents sent to, and/or received from the Lake County Recorder of Deeds concerning the Bridge;
> 7. Any and all emails and letters, and documents sent to, and/or received from the Hammond City Planning and Development Department concerning the Bridge;
> 8. Any and all emails and letters, and documents sent to, and/or received from Hammond Board of Public Works concerning the Bridge.

[DE 55-1 at 4.]

Fed.R.Crim.P. 17(c)(2) authorizes me to quash or modify a subpoena served in a criminal case "if compliance would be unreasonable or oppressive." On its face, and particularly with three business days to respond, the subpoena is overbroad, so that compliance would be both unreasonable and oppressive. Kristina Kantar, the City's Corporation Counsel, has held that position for 15 years, and the subpoena seeks documents over the even longer period – more than 30 years – since the bridge was deeded from CSX to the City in 1987. On this basis alone, the subpoena duces tecum can be quashed. Morrison's motion to continue the trial to enable the City to respond to his overbroad subpoena falls on deaf ears. The trial was previously set for July 30, and was continued to December 10 at Morrison's request. His interest in an abandonment defense is long-standing, and he offers no reasonable excuse for his failure to seek these documents months ago.

In an effort to determine what reasonable production could be made quickly in response to the subpoena so as to assist the defense but preserve the trial setting, I asked defense counsel at the hearing to identify the species of documents he most wants

3

from the City of Hammond.  Counsel named three categories.  In response to Morrison's interest in documents reflecting tort claims against the City relating to the bridge, Kantar represented that there have been none during her 15 years as Corporation Counsel.  To the extent defense counsel articulated a desire for communications between Kantar and the City's Board of Public Works concerning ownership of the bridge, I concluded that the defense has already received pertinent documents in discovery and I am not inclined to compel any expedited review by the City for additional documents, as to which Kantar expressed the likelihood of a privilege log in any event.

Finally, Morrison expressed interest in any records of repair or improvement of the bridge by the City.  Because I find this narrowed request can reasonably be responded to promptly and is clearly designed to elicit material potentially relevant to the issue of abandonment, I directed Kantar to contact the Board of Public Works and any other departments with related responsibility, so that the City can produce to Morrison by Monday, December 10, any documents reflecting the City's repair or improvement of the bridge.  In all other respects, the motion to quash the subpoena duces tecum is granted.

The City's motion also opposed Morrison's subpoena for Kantar's appearance at the trial to the extent that it called for her appearance at the start (8:30 Monday when jury selection would take place) and continued presence throughout the trial.  This issue was not addressed in Morrison's response to the motion nor at the hearing.  The City's motion for protective order will be granted to the extent that Morrison must reasonably

4

limit his demand for Kantar's presence at the trial to the time when she might be called as a witness. Counsel are expected to cooperate to achieve that limitation.

**ACCORDINGLY:**

Intervenor City of Hammond's Motion to Quash Subpoena [DE 58] is GRANTED, except that the City is ORDERED to produce to defendant Kenneth Morrison, no later than Monday, December 10, 2018, any documents reflecting the City of Hammond's repair or improvement of the bridge.

The City's Motion for Protective Order [DE 58] is GRANTED to the extent that Kristina Kantar's presence at trial will be required pursuant to defendant Morrison's subpoena only if and when she is called as a witness by the defense.

**ENTERED this 7th day of December, 2018.**

                                                    /s/ Philip P. Simon
                                                   **PHILIP P. SIMON**
                                                   **United States District Judge**