UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:17CR130-PPS |
| KENNETH R. MORRISON, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

In this case, defendant Kenneth R. Morrison was charged with stealing a bridge. A jury heard and saw evidence that Morrison and his helpers dismantled an unused railroad drawbridge that crossed the Grand Calumet River in Hammond, Indiana, and that Morrison transported some of the metal across the state line to Illinois to sell it for scrap. On December 13, 2018, the jury found Morrison guilty of Interstate Transportation of Stolen Property in violation of 18 U.S.C. §2314. Morrison has timely filed a motion seeking a judgment of acquittal under Fed.R.Crim.P. 29(c) or a new trial under Fed.R.Crim.P. 33. After a number of extensions of time sought by the defense, the motion is now fully briefed, and oral argument was held on August 1, 2019.

Rule 33 allows the grant of a new trial "if the interest of justice so requires," and that has been interpreted to require a new trial where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Conley*, 875 F.3d 391, 399 (7th Cir. 2017), quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). The "exercise of power conferred by Rule 33 is reserved for only the

most extreme cases." *Conley*, 875 F.3d at 399. As a result, the Court of Appeals' review of the denial of a motion for new trial is "highly deferential." *United States v. Hamdan*, 910 F.3d 351, 357 (7th Cir. 2018), quoting *Conley,* 875 F.3d at 399.

Rule 29(a) allows a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." The standard for a motion for judgment of acquittal under Rule 29(c) requires the court to consider the evidence in the light most favorable to the government and overturn the verdict only when "the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Taylor*, 702 Fed.Appx. 464, 466 (7th Cir. 2017), quoting *United States v. Peterson*, 823 F.3d 1113, 1120 (7th Cir. 2016). The Court of Appeals has "often said that a defendant seeking a judgment of acquittal faces a 'nearly insurmountable hurdle.'" *United States v. Garcia*, 919 F.3d 489, 496 (7th Cir. 2019) (collecting cases). These standards set a high bar for post-trial relief, and Morrison's arguments do not reach that bar.

Morrison's first argument is that the government did not meet its burden of proof beyond a reasonable doubt that the City of Hammond, or CSX Railroad, or any other entity was the owner of the bridge during or reasonably close to the period of December 1, 2014 through January 31, 2015, the period identified in the indictment. [DE 94 at 1-3.] This argument invokes Rule 29. In making the argument, Morrison focuses on the evident confusion of City of Hammond officials over a considerable span of time about the City's ownership of the bridge. But the jury heard unrebutted evidence that

CSX Railroad deeded the property including the bridge to the City of Hammond on March 3, 1987, and that the former Corporation Counsel and President of Hammond's Board of Public Works signed a letter acknowledging the City's receipt of the deed. Morrison's continued contention that City officials were later confused, or even ignorant, about the City's ownership of the property is not shown to have a legal impact on whether or not the City actually owned the bridge at the time of the offense. Even assuming that the charge required the government to prove who owned the bridge, the jury heard evidence that would have supported a determination beyond a reasonable doubt that the City of Hammond did in fact own the bridge. Reviewing the evidence in the light most favorable to the government, Morrison's argument that the government failed its burden of proof is unpersuasive.

Morrison next contends that the government "repeatedly attempted to wrongfully shift the burden of proof by relying upon the defendant's alleged statement to the EPA Case Agent that he knew he had no right to scrap the bridge." [DE 94 at 3.] I agree with Morrison that the statement he refers to is not proof of Hammond's ownership of the bridge. But, as I indicated at oral argument, the evidence offered concerning Morrison's statement was relevant to the issue of intent, that is, to element 4 of the charge, as set out in Jury Instruction No. 17: "[a]t the time the defendant caused to be transported, transmitted, or transferred the bridge metal, he *knew it had been stolen, converted, or taken by fraud.*" Morrison's argument does not establish any error

3

in the admission of evidence nor in the government's bearing the burden of proof on the elements of the charged offense.

Morrison argues that the "government overreached its role as attorney for the United States, evolving into the attorney for the City of Hammond." [DE 94 at 3.] What exactly this means and why it would entitle Morrison to relief under the high standards of Rules 29 and 33 is entirely unclear. In support of this argument Morrison notes that the government offered evidence of his "failure to get valid permits, coupled with his dishonest statements about procuring the permits, and…his alleged admission that he knew he was doing wrong." [DE 94 at 4.] Again, rather than any improper or irrelevant purpose, the evidence was validly admitted as pertinent to the government's burden to demonstrate Morrison's knowledge that the bridge metal was stolen, converted, or taken by fraud. No error is demonstrated, much less one that meets the standards of Rule 29 or 33.

The final argument of Morrison's original motion is that the government wrongfully implied that it did not have to prove ownership of the bridge. [DE 94 at 4.] The argument is stated in that one sentence. No citation to the transcript is given, so I am unable to read verbatim what the government said that Morrison objects to. No supporting argument is offered to explain how any such implication violated Morrison's substantial rights or supports a judgment of acquittal. What the charge required was spelled out in Jury Instruction No. 17, element 3 of which was that the "bridge metal had been stolen, converted, or taken by fraud." Morrison fails to

demonstrate that the evidence, viewed in the light most favorable to the government, failed to support such a conclusion beyond a reasonable doubt.

In his later-filed supplement to his motions [DE 115], Morrison argues that I erred by refusing to give three jury instructions he proposed on a defense theory of abandonment. As Morrison explains, "[t]he theory of defense was that the true owner abandoned the Bridge property, thus Mr. Morrison's scrapping of the bridge did not deprive the purported true owner of its use." [DE 115 at 1.] Mr. Morrison can point to no action taken during the trial that prevented his pursuit of this theory, and in fact his supplement lists (albeit without citation to the transcripts he had waited several months for) evidence he adduced at trial in support of an abandonment defense. Instead, Morrison complains that I did not give three jury instructions on abandonment, which he submitted on December 10, 2018 [DE 77], the first day of trial.

Ten days earlier, at the November 30 final pretrial conference, I had made clear that I was uncertain whether and how an abandonment theory could be applied to the charge, and invited the parties to file trial briefs addressing the applicability of an abandonment defense, with Morrison's brief to be filed by December 4, and to include proposed jury instructions. [DE 56; DE 127 at 8, 26] Morrison filed no such trial brief or proposed instructions by that deadline, and only proposed the jury instructions on the first day of trial. The proposed instructions were filed with no explanation or argument.

Morrison's next opportunity to address the court about his proposed instructions occurred at the jury instruction conference on December 12. [DE 88.] The defense was asked for any objections to the court's proposed instructions, and counsel had only one, concerning the wording of a portion of the elements in Instruction No. 17, an issue unrelated to any abandonment theory. [DE 106 at 146-147.] After resolving that objection, counsel was asked for any other objections, and he replied that he had none, and was "satisfied" with the court's instructions. [*Id*. at 148.] Next I asked defense counsel if there were "any additional instructions that you wish for me to consider at this time," and counsel responded, "No, Your Honor." [*Id*.]

If that weren't sufficient to demonstrate defendant's failure to pursue instructions on abandonment, the transcript reveals more. At the instruction conference, the government sought to propose an additional instruction on the impact of failing to record a deed on the transfer of ownership of the bridge. In that discussion, I said:

> But what this case is really about, I would assume is that – nothing that has happened or any ruling I've made is going to prevent you from arguing that, you know, your client believed that both parties here disavowed ownership of the property and his intent was – he didn't think he was stealing property, that he thought that there was a disavowal of ownership. There's evidence both ways on that.

[*Id*. at 149.] This comment clearly referenced the defense theory of abandonment, and accurately indicated that the court had done nothing to preclude defense arguments that Morrison had no intent to steal what he believed was abandoned property. But

6

again the defense failed to request or argue for instructions to the jury on legal standards for abandonment. Instead, almost immediately after this statement by me, the defense remarked for the record that he approved the proposed instructions for their "simplicity and basicness" as "the fairest in a case like this," and said, "I'm happy with them, Judge." [*Id.* at 150.] Morrison ultimately failed to request that his earlier-submitted instructions be given.

In addition, Morrison's failure before trial, during trial, and in the instant motion to address the legal underpinnings of the abandonment instructions precludes relief under Rule 29 or 33 for my failure to give them. He has yet to provide an analysis of the law governing whether and how it would be possible for the City of Hammond to abandon the bridge and/or the real property on which the bridge stood. At various points in conferences and during trial, legal questions were identified bearing on any abandonment theory, such as whether the bridge constituted a fixture and was therefore subject to Indiana real property laws, whether the City had the ability to abandon property at all, and what state statutes might govern any abandonment of property by the City, but Morrison never addressed the questions with any authority and analysis.

I did not include the abandonment instructions in my set of proposed instructions because Morrison had not persuaded me that they correctly set out the law as applied to the facts and the charge, and because, in the absence of such a showing, I concluded that the issue was adequately and correctly addressed by Jury Instruction

7

No. 19. That instruction stated that an object is "stolen" if it "was taken with the intent to deprive *the owner* of the rights and benefits of *ownership*." *Id*. (emphasis added). This instruction permitted the defense to argue both that the bridge was not "stolen" because there was no true owner of it or that Morrison did not act with intent to deprive the owner of the property because he believed the bridge to have been abandoned. Because Morrison has never addressed the law of abandonment, and has never demonstrated what law applies to the prospect of the City of Hammond abandoning the bridge property, I remain unpersuaded that the abandonment instructions should have been given, particularly as Morrison accepted the jury instructions without their inclusion. No error or omission or paucity of evidence is shown that would support a new trial under Rule 33 or a judgment of acquittal under Rule 29.

ACCORDINGLY:

Defendant Kenneth R. Morrison's Post-Trial Motion Pursuant to FRCrP Rules 29 and 33 [DE 94] is DENIED.

SO ORDERED.

ENTERED: August 14, 2019.

                                                    /s/ Philip P. Simon
                                                  PHILIP P. SIMON, JUDGE
                                                  UNITED STATES DISTRICT COURT